UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHARON W.,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,[2] <br> Defendant. | Case No. 1:22-cv-00013-DKG <br><br> **MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Plaintiff filed a Complaint with this Court seeking judicial review of the Commissioner's denial of her applications for disability and disability insurance benefits, and supplemental social security income. (Dkt. 1.) The matter is fully briefed and at issue. (Dkt. 14-16.) Having carefully reviewed the parties' memoranda and the entire administrative record (AR), the Court will reverse and remand the decision of the Commissioner for the reasons set forth below.

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security Administration on July 9, 2021.

## BACKGROUND

On June 5, 2019, Plaintiff protectively filed a Title II application for a period of disability insurance benefits and a Title XVI application for supplemental security income. (AR 273-283.)³ The applications allege a disability onset date of November 7, 2016. (AR 13.) The alleged onset date was later amended to June 5, 2019. (AR 13, 35.) Plaintiff's applications were denied upon initial review and on reconsideration. (AR 13.) A hearing was conducted on November 17, 2020, before Administrative Law Judge (ALJ) David Willis. (AR 13.)⁴

After considering testimony from Plaintiff and a vocational expert, the ALJ issued a written decision on February 23, 2021, finding Plaintiff has not been under a disability since June 5, 2019. (AR 13-25.) The Appeals Council denied Plaintiff's request for review on November 16, 2021, making the ALJ's decision final. (AR 1-3.) Plaintiff timely filed this action seeking judicial review of the ALJ's final decision on January 11, 2022. (Dkt. 1.) The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

On the amended alleged onset date, Plaintiff was fifty-seven years of age. (AR 275.) Plaintiff completed one year of college and has past relevant work experience as a cashier, customer service representative at a call center, customer service representative

---

³ Plaintiff filed a previous Title II application for benefits dated January 26, 2017, which was denied. (AR 102-110.) Thus, the relevant time period for the applications that are the subject of the Petition for review presently before the Court runs from the amended onset date of June 5, 2019, to the date last insured of September 30, 2021.

⁴ The hearing was conducted telephonically due to the Coronavirus Pandemic of 2019 (COVID-19). (AR 34-35.)

**MEMORANDUM DECISION AND ORDER - 2**

at an insurance company, and a production worker. (AR 24, 333.) Plaintiff claims disability due to anxiety and depression, bilateral degenerative disc disease, gout, arthritis in lower back, bilateral knee pain, and stroke. (AR 118.)

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 16.) At step two, the ALJ determined Plaintiff suffers from the following medically determinable severe impairments: degenerative disc disease, dysfunction of major joints of the bilateral knees, and obesity. (AR 16.) The ALJ concluded Plaintiff's cardiac dysrhythmias, sleep-related breathing disorder, diabetes, osteoarthritis, bilateral plantar fasciitis, essential hypertension, thyroid gland disorder, migraines, and depression and anxiety were not severe. (AR 16-17.)

At step three, the ALJ determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 18-19.) The ALJ next found Plaintiff retained the Residual Functional Capacity (RFC) for sedentary work with the following limitations:

> [S]he can lift and/or carry twenty pounds occasionally and ten pounds frequently, and she can stand or walk for two hours each in an eight-hour workday. The claimant can also sit for six hours in an eight-hour workday. Additionally, the claimant can occasionally reach overhead with the bilateral upper extremities, and she can frequently handle and finger with both hands. The claimant can also occasionally climb ramps and stairs, but she can never climb ladders, ropes, or scaffolds. Further, the claimant can frequently balance, and she can occasionally stoop, kneel, crouch, and crawl. Finally, the claimant can occasionally work around unprotected heights, moving mechanical parts, and vibrations.

(AR 19.)

At step four, the ALJ found Plaintiff was able to perform past relevant work as a customer service representative. (AR 24.) The ALJ therefore determined Plaintiff was not disabled from the alleged onset date, through the date of the decision February 23, 2021.

## ISSUES FOR REVIEW

1. Whether the ALJ properly evaluated the medical opinion evidence.

2. Whether the ALJ properly considered Plaintiff's subjective symptom statements.

3. Whether the ALJ properly addressed the lay witness statements.

4. Whether the RFC is supported by substantial evidence.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla" of evidence. *Id*.

**MEMORANDUM DECISION AND ORDER - 4**

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Id*. The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Id*. at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009). It is unnecessary for the ALJ to "discuss all evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must, however, explain why "significant probative evidence has been rejected." *Id*.

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999). The Court will not reverse the ALJ's decision if it is based on harmless error, which exists where the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal marks and citations omitted); *see also Molina v. Astrue*, 674 F.3d 1104, 1117–1122 (9th Cir. 2012).

## DISCUSSION

**1.     Medical Opinion Evidence**

Plaintiff assigns error to the ALJ's evaluation of the opinion evidence of Mark

Williams, D.O., and the state agency medical consultants, Leslie Arnold, M.D., and Robert Vestal, M.D. (Dkt. 14, 16.) Respondent maintains the ALJ properly considered the medical opinion evidence under the appliable regulations. (Dkt. 15.)

### A.  Legal Standard

The Commissioner revised the regulations applicable to the evaluation of medical evidence for disability applications filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).[5] Under the revised regulations, the ALJ is no longer required to give deference to any medical opinion, including treating source opinions. *See* 20 C.F.R. §§ 404.1520c(a); 416.920c; *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (ALJs no longer need to "provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion."). Instead, the ALJ evaluates the persuasiveness of the opinions based on several factors. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). These are: supportability, consistency, relationship to the claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The most important factors in the evaluation process are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Woods*, 32 F.4th at 791-792 (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1).

---

[5] Plaintiff filed her application on June 5, 2019, therefore the revised regulations apply.

"Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2).

Under this framework, the ALJ is required to articulate how persuasive they find the evidence and explain how the supportability and consistency factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may, but is not required to, explain how the other persuasive factors in paragraphs (c)(3) through (c)(5) were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how the other persuasive factors were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3). The ALJ's persuasiveness determination under the revised regulations must be supported by substantial evidence. *See Woods*, 32 F.4th at 787 ("Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence.").

In fashioning a claimant's RFC, the ALJ must consider all relevant evidence in the record, including medical records, and "the effects of symptoms, including pain, that are reasonably attributable to the medical condition." *Robbins v. Comm'r of Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (citation omitted). The ALJ is not obligated to discuss every piece of evidence when interpreting the evidence and developing the record, or discuss every word of a medical opinion or include limitations not assessed by a medical source. *Edwin C. v. Kijakazi*, 2021 WL 7286046, at * 6 (C.D. Cal. Nov. 19,

**MEMORANDUM DECISION AND ORDER - 7**

2021) (citing *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003)). "However, the ALJ must discuss significant and probative evidence that is contrary to the ALJ's findings and explain why it has been rejected." *Id.* (citing *Robbins*, 466 F.3d at 883; *Vincent*, 739 F.2d at 1395).

With the above considerations in mind, the Court now turns to the ALJ's evaluation of the medical opinions.

### B.     Analysis

Dr. Williams, Plaintiff's treating physician, provided a physical medical assessment dated October 26, 2020. (AR 1168-1171.) Williams opined that Plaintiff could stand/walk a total of two hours during an eight-hour workday, due to her "significant arthritis, plantar fasciitis, and history of gout in ankles [and] feet." (AR 1168.) Williams found Plaintiff was able to sit for eight hours during a workday, without interruption. (AR 1169.) Plaintiff could occasionally carry thirty pounds, and frequently carry twenty pounds, due to arthritis in her feet, ankles, and bilateral wrist CMC[6] joints. Williams concluded Plaintiff was limited to occasionally performing all postural activities due to bilateral foot and ankle DJD[7], plantar fasciitis, wrist DJD, and reoccurrence of swelling. (AR 1169.)

As to other physical functions, Williams found Plaintiff could constantly see, hear, and speak; frequently reach and feel; occasionally push/pull; and, importantly here, could

---

[6] "CMC" is an abbreviation for carpometacarpal, which are the joints of the wrist.

[7] "DJD" is an abbreviation for degenerative joint disease.

occasionally handle. (AR 1170.) These limitations, Williams noted, result from Plaintiff's "wrist (CMC) joint DJD difficult with grasp and fine motor use." (AR 1170.) Williams also imposed environmental restrictions related to moving machinery, temperature extremes, and vibrations due to Plaintiff's push/pull limitations, arthritis, and painful wrist joints. (AR 1170.)

The ALJ found Williams' opinion "somewhat persuasive as it was consistent with some of the objective medical evidence." (AR 23.) On this point, the ALJ cited to one medical record dated October 14, 2020, related to Plaintiff's chronic problems with bilateral knee pain and obesity. (AR 1142.) The ALJ noted that the record reflected Plaintiff's extremities had a normal range of motion and her BMI. (AR 23.)

The ALJ next found Williams' opinion "included limited internal support but it did note some of the claimant's diagnoses, such as arthritis and degenerative joint disease." (AR 23.) In support of this finding, the ALJ cited the first two pages of Williams' assessment assigning limitations for standing, walking, sitting, lifting/carrying, and postural activities. (AR 23) (citing AR1168-69).

Notably, neither the ALJ's summary of Williams' opinion nor the ALJ's discussion of the persuasiveness factors addressed the limitation to occasional handling. (AR 23.) The lone record cited by the ALJ in his discussion of Williams' opinion, did not concern Plaintiff's ability to handle or grip. (AR 23) (citing AR 1142.) Further, the portions of the opinion itself cited and discussed by the ALJ did not include the handling limitation. Indeed, the ALJ's decision on whole is absent any mention of Williams' opinion regarding Plaintiff's ability to handle or any discussion of medical records related

**MEMORANDUM DECISION AND ORDER - 9**

to handling. This, the Court finds, was error.

Plaintiff's limitation with handling was significant and probative evidence that the ALJ was required to address. While the ALJ "need not discuss all evidence presented," *Vincent*, 739 F.3d at 1394-95, the ALJ "may not reject 'significant probative evidence' without explanation," *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent*, 739 F.2d at 1395). Further, the "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

Here, Plaintiff's ability to handle relates to her ability to perform basic work activities and her ability to be employed, as evidenced by the fact that the RFC limited Plaintiff to frequent handling. Thus, the ALJ erred by failing to discuss Williams' opinion limiting Plaintiff to occasional handling. Because the ALJ's decision is silent regarding Williams' opinion concerning handling, the Court is unable to determine whether the ALJ properly considered the opinion or simply ignored the evidence.

In contrast, the state agency consultants opined that Plaintiff was limited to frequent bilateral fingering and handling. (AR 126, 139, 154, 170.) In so finding, the consultants noted that Plaintiff "maintains the capacity to work with large and small objects," crochet, and work part time and with farm animals at home. *Id.* The ALJ found the consultants' opinions persuasive, "as they were consistent with a majority of the objective medical evidence," and "also internally supported by the inclusions of findings from the record." (AR 23.)

However, the ALJ's summary of the consultants' opinions does not include that Plaintiff was limited to *frequent* handling and fingering. Rather, the ALJ stated the

**MEMORANDUM DECISION AND ORDER - 10**

consultants opined that Plaintiff "could perform *limited* handling." (AR 23) (emphasis added). Further, the ALJ's discussion of the supportability and consistency factors for the consultants' opinions did not address fingering and handling. Rather, the ALJ cites one treatment record from an October 7, 2020 appointment for bilateral knee pain. (AR 23) (citing AR 991.) The ALJ similarly relied on particular portions of the consultants' opinions that discuss medical records related to Plaintiff's bilateral knee pain, obesity, and plantar fasciitis. (AR 23) (citing 122, 172 as internal support for the opinions based on findings from the record such as BMI, no gait disturbance, and five out of five foot strength).[8]

Plaintiff argues the ALJ erred in evaluating the opinion evidence by failing to discuss and reconcile the differing opinions concerning handling and fingering limitations. (Dkt. 14, 16.) Defendant maintains the ALJ expressly considered Plaintiff's handling limitations and adopted the state agency consultants' findings. (Dkt. 15.)

Having carefully reviewed the record and the parties' briefing, the Court finds the ALJ erred in evaluating the opinion evidence by failing to discuss and reconcile the differing opinions concerning Plaintiff's limitations with handling, and by failing to offer any explanation of his reasoning for including frequent, rather than occasional, handling

---

[8] The portion of Vestal's opinion cited by the ALJ discusses a treatment record dated October 28, 2019, which contained findings that Plaintiff complained of right wrist pain but had nearly full grip strength. (AR 172) (discussing AR 880-881.) However, the ALJ did not refer to those findings. (AR 23.) Rather, the ALJ identified portions of the record related to BMI, gait, and foot strength. (AR 23.) The Court may not speculate as to the ALJ's reasoning. In the absence of any explanation, the Court reviews only the findings articulated by the ALJ. Although the medical record cited by the ALJ here contained some findings concerning handling, fingering, grip strength, and wrist pain, the ALJ did not discuss those findings.

**MEMORANDUM DECISION AND ORDER - 11**

in the RFC. *See* SSR 96-8p ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

It appears the ALJ adopted the consultants' opinions of frequent handling by incorporating that limitation into the RFC. But, without any discussion or explanation from the ALJ, the Court can only guess at the ALJ's reasoning for doing so. Absent any explanation, it is impossible for the Court to meaningfully review whether the ALJ's reasoning was a correct application of the regulations and was supported by substantial evidence. *Brown-Hunter*, 806 F.3d at 492 (holding the agency must "set forth the reasoning behind its decisions in a way that allows for meaningful review," and courts are "constrained to review the reasons the ALJ asserts."). Nor is the Court able to readily discern the bases for the ALJ's decision. *Molina*, 674 F.3d at 1121 (An ALJ's reasoning may be upheld where it can "reasonably be discerned."). Consequently, the Court cannot uphold the ALJ's decision. *Brown-Hunter*, 806 F.3d at 492 ("A clear statement of the agency's reasoning is necessary because we can affirm the agency's decision to deny benefits only on the grounds invoked by the agency."); *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1004 (9th Cir. 2015) ("This Court cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision."). This error, the Court finds, was harmful.

Harmless error exists "when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ((citation and internal quotation marks omitted)); *see also Marsh v. Colvin*, 792 F.3d 1170, 1172–73 (9th Cir. 2015). Here, had the ALJ

**MEMORANDUM DECISION AND ORDER - 12**

adopted Williams' opinion limiting Plaintiff to occasional handling, the ALJ's step four finding and, possibly, the ultimate nondisability determination would have been different given the vocational expert's testimony that occasional handling would preclude Plaintiff from performing past relevant work. (AR 56-58.) The ALJ's error was therefore not inconsequential to the determination. On remand, the ALJ must properly evaluate the medical opinion evidence, reassess the RFC, and re-evaluate the findings at Step 5 to determine if there are jobs existing in significant numbers in the national economy that a person with Plaintiff's RFC can perform. *See* SSR 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 ("[A]n RFC that fails to take into account a claimant's limitations is defective.").

The reasons proffered by Defendant to support the ALJ's decision are impermissible post hoc arguments. (Dkt. 15 at 9-12.) "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray.*, 554 F.3d at 1225. The Court must review the ALJ's decision based on the reasoning and findings offered by the ALJ in the written decision. *See Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001).

While the Defendant's reasoning may be a rational interpretation of the decision and record, the ALJ's written decision itself does not articulate any reasons for including frequent handling in the RFC, as opposed to occasional handling. Indeed, the ALJ did not discuss any medical records relevant to Plaintiff's limitations with handling. The ALJ's

**MEMORANDUM DECISION AND ORDER - 13**

evaluation of the opinion evidence only mentioned Plaintiff's ability to handle was "limited" in summarizing the state agency opinions. (AR 23) (noting the consultants' opined that Plaintiff could "perform limited handling"). This, despite the ALJ questioning Plaintiff about her hand pain and inquiring of the vocational expert about frequent versus occasional handling during the hearing. (AR 48-49, 51-52, 56-58.) Plaintiff's counsel also raised the handling limitation during the hearing. (AR 60.) Thus, the ALJ was aware that Plaintiff's limitations with handling was relevant, but still did not discuss or explain the reasons for including frequent handling in the RFC and for rejecting Williams' opinion that Plaintiff could occasionally handle.

For these reasons, the Court finds the ALJ erred in evaluating the opinion evidence by failing to discuss the differing limitations related to handling, and by incorporating a handling limitation in the RFC without articulating his reasoning for doing so. This was harmful legal error requiring remand. Consequently, the Court need not address each of Plaintiff's other assignments of error. The Court will, however, discuss below the ALJ's consideration of the lay witness statements under the new regulations.

2.  **Lay Witness Statements**

Plaintiff's mother submitted a functional assessment and a supplemental letter describing Plaintiff's impairments. (AR 352-360, 399.) The ALJ's decision briefly mentions the functional assessment in the written decision, but not the letter, stating: the "third party functional report…included similar allegations and activities of daily living as those included in the functional report completed by the claimant." (AR 21.) The ALJ generally concluded that Plaintiff's described daily activities were inconsistent with her

**MEMORANDUM DECISION AND ORDER - 14**

allegations of disabling symptoms and limitations.

Defendant argues the ALJ was not required to discuss the lay statements under the revised regulations, and any error was harmless. (Dkt. 15 at 12-13.) Plaintiff maintains the ALJ harmfully erred in failing to provide a germane reason for disregarding the lay witness statements, which corroborated Plaintiff's symptom testimony. (Dkt. 14 at 15-16, and 16 at 6.)

The revised regulations applicable to claims filed after March 27, 2017, state that an ALJ is "not required to articulate how [he or she] considered evidence from nonmedical sources." 20 C.F.R. §§ 404.1520c(d), 416.920c(d). Prior to the revisions, however, the Ninth Circuit required an ALJ to provide germane reasons for discounting lay witness testimony. *Molina*, 674 F.3d at 1111; *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010).

The Ninth Circuit has not yet addressed whether the revised regulations change the requirement for germane reasons to discount lay witness testimony. *See Robert U. v. Kijakazi*, 2022 WL 326166, at *7 (D. Or. Feb. 3, 2022) (noting the Ninth Circuit has not addressed the question and that courts in the circuit are split, but concluding "the ALJ must continue to give germane reasons for discounting lay witness testimony" because the new regulations did not unambiguously remove the obligation). "It is, therefore, unclear whether, under Ninth Circuit law, an ALJ must continue to provide germane reasons to disregard lay witness statements." *Allen v. Kijakazi*, 2022 WL 952083, at * 6 (D. Mont. March 30, 2022) (citing *Singh v. Comm'r of Soc. Sec. Admin.*, 2021 WL 4078021, at *7 (E.D. Cal. Sept. 8, 2021); and *comparing*, *Wendy J.C. v. Saul*, 2020 WL

6161402, at *12 n.9 (D. Or. Oct. 21, 2020) (holding under the new regulations, "the ALJ is no longer required to provide reasons germane to lay witnesses to reject their testimony") *with Gregory E.H. v. Comm'r of Soc. Sec. Admin.*, 2022 WL 843393, at *7 (D. Or. Mar. 22, 2022) (finding ALJ erred by not providing reasons germane to disregard lay witness testimony, but that the error was harmless); *Joseph M.R. v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4279027, at *12 (D. Or. Sept. 9, 2019) ("Although § 404.1520c(d) states the Commissioner is 'not required to articulate how we consider evidence from nonmedical sources' using the same criteria for medical sources, it does not eliminate the need for the ALJ to articulate his consideration of lay-witness statements and his reasons for discounting those statements.").

This Court agrees with the well-reasoned decisions holding ALJs "must continue to give germane reasons for discounting lay witness testimony" and even "under the new regulations that an ALJ's failure to address lay testimony is error." *Kimberly T. v. Kijakazi*, 2022 WL 910083, at *7 (D. Or. Mar. 29, 2022); *see also Kimberly H. v. Kijakazi*, 2022 WL 3585768, at *12 (D. Idaho Aug. 22, 2022) (holding the regulations clearly require the ALJ to provide more than a passing mention to lay witness statements).

The Ninth Circuit has long held that "lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence, and therefore cannot be disregarded without comment." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citations omitted); *see also* SSR 16-3p (explaining that other sources may provide information from which inferences may be drawn about a claimant's

symptoms, and that "we will consider any statements in the record" by non-medical sources and "will consider any personal observations of the individual...."))). And, "[i]n determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). Thus, an ALJ may discount lay witness testimony by providing reasons germane to each witness. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *see also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ's failure to do so here was error.

However, "an ALJ's failure to comment upon lay witness testimony is harmless where 'the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay witness's] claims.'" *Molina*, 674 F.3d at 1122 (quoting *Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011)); *Valentine*, 574 F.3d at 694 ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting [plaintiff's] own subjective complaints, and because [the lay] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay] testimony.").

Here, Plaintiff's daily activities are described similarly in both the lay witness statements and Plaintiff's own statements and testimony. *Compare* (AR 37-54, 341-351) with (AR 352-360, 399.) The ALJ recognized as much in the written decision. (AR 21.) As such, any error by the ALJ in failing to provide reasons for rejecting the lay witness statements was harmless error if the ALJ's consideration of Plaintiff's symptom statements was proper. *Molina*, 674 F.3d at 1117 (the lack of error in articulating a reason

to reject lay witness statements was harmless); *Valentine*, 574 F.3d at 694. The Court makes no determination concerning the ALJ's evaluation of Plaintiff's statements at this time, because the case must be remanded for other reasons. On remand, the ALJ should reevaluate Plaintiff's symptom statements and the lay witness statements as necessary when making the disability determination.

3.      **Remand For Additional Proceedings is Appropriate**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *Harman*, 211 F.3d at 1179-81. In general, when the Court reverses an ALJ's decision "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

Here, the ALJ committed harmful error in evaluating the medical opinion evidence. However, the circumstances presented in this case suggest that further administrative review could remedy the error, and there are serious doubts as to whether Plaintiff is in fact disabled within the meaning of the Social Security Act. *Burrell v.*

**MEMORANDUM DECISION AND ORDER - 18**

*Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014); *McLeod*, 640 F.3d at 888; *Harman*, 211 F.3d at 1179-81. Accordingly, the Court will remand to the Commissioner for further proceedings.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that:

1. The decision of the Commissioner of Social Security is **REVERSED**.

2. This action shall be **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

3. This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: January 18, 2023

_____
Honorable Debora K. Grasham
United States Magistrate Judge